IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-10332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALCOLM DEMOND CURRY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

December 14, 2001

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM[*]:

Malcolm Demond Curry appeals his convictions following a bench trial for being a felon in possession of a firearm and carrying and possessing a firearm in relation to a drug trafficking crime. Curry argues that the Government failed to prove that he knowingly possessed the firearm found in a duffle bag that he was holding when the police entered a marijuana stash house.

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sole issue presented on appeal is whether the evidence is sufficient to prove beyond a reasonable doubt that Curry *knowingly* possessed the firearm. Possession may be either actual or constructive; actual possession means knowing direct physical control over a thing at a given time; constructive possession means knowing ownership, dominion, or control over a thing or over the premises where it is found. *E.g.*, *United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998).

Viewing the evidence in the light most favorable to the Government, the fact finder could reasonably infer that Curry knowingly possessed the firearm. Curry was holding the duffle bag when officers entered the stash house, and then dropped it; "it fell with the lid open." The duffle bag was unzipped and stuffed with marijuana packaged for distribution, a shoe box containing unpackaged marijuana, and a large firearm sitting on top of the shoe box just inside the duffle bag. Given that Curry was alone in the house distributing bags of marijuana to would-be purchasers and he himself possessed a bag of marijuana packaged in the same manner as those found in the duffle bag, the fact finder could reasonably infer beyond a reasonable doubt that Curry was distributing the drugs from the duffle bag and knew of the gun's presence in the bag as it was plainly visible inside the bag. Accordingly, the judgment of the district court is

AFFIRMED.